{¶ 28} While I whole-heartedly agree with the majority's analysis of appellant's assignments of error, rather than vacating the sentence imposed upon appellant and remanding for resentencing, I would simply remand this matter for the common pleas court to state the required findings on the record, as required by R.C. 2953.08(G)(1).
 {¶ 29} Although the legislature amended R.C. 2953.08(G) more than three years ago, we have neglected to incorporate this important change into our disposition of sentencing matters. Under R.C. 2953.08(G)(1), if the sentencing court fails to state on the record the findings necessary to impose consecutive terms of imprisonment for multiple offenses,[1] the appellate court "shall remand the case to the sentencing court and instruct the sentencing court to state, on the record, the required findings" (emphasis added).[2] The proceeding in this type of remand is supplemental to the original sentencing hearing. Only when the appellate court "clearly and convincingly finds" that the record does not support the findings actually made by the trial court on these sentencing issues, or that the sentence is otherwise contrary to law, may the appellate court modify or vacate the sentence and remand for resentencing. R.C.2953.08(G)(2). Because we have found that the common pleas court here did not state the required findings on the record, the appropriate outcome should be a simple remand for the purpose of stating the findings and reasons for imposing consecutive sentences, pursuant to R.C. 2953.08(G)(1).[3]
 {¶ 30} We do a grave disservice to finality principles when we reverse or vacate and remand for resentencing when the sentence is not necessarily incorrect, but only incomplete. In my view, given the statute's mandate, we should demand a record containing the findings necessary to support the sentence imposed, then review the correctness of that sentence rather than reopen the entire sentencing proceeding and ask the common pleas court to reconsider a decision we did not find to be wrong.
 {¶ 31} Vacating and remanding the matter for resentencing, as the majority does here, allows for multiple appeals of the same sentence[4] on different grounds, either because new issues arise as a result of the remand or because the defendant chooses to argue issues after the remand which could have been raised before. See, e.g., State v. Morton, Cuyahoga App. No. 82095, 2003-Ohio-4063; State v. Rotarius, Cuyahoga App. No. 81555, 2003-Ohio-1526. Neither of these situations would arise if the matter was simply remanded for supplementation; a single appeal would conclude all issues to which R.C. 2953.08(G)(1) applies.
 {¶ 32} Therefore, I concur and dissent.
[1] R.C. 2953.08(G)(1) also requires remand, rather than reversal, in cases in which the court fails to state on the record the findings necessary to impose a prison term upon a fourth or fifth degree felony offender, impose community control when there is a presumption that a prison term is necessary, and grant judicial release.
[2] Given this specific directive in R.C. 2953.08(G)(1), the majority's concern that R.C. 2929.19 does not address the trial court proceedings on a limited remand is irrelevant. The specific procedures to be followed on remand are a subject of potential dispute which, absent legislative guidance, should be litigated and decided in due course in future cases. We should also leave to a future case the question whether the defendant's right to be present at sentencing also means that he has the right to be present at a supplemental proceeding in which the court makes findings to support the sentence. We should not decide such weighty questions without a specific case or controversy before us.
[3] Whether there is a limited remand or a reversal of the sentence and a remand for resentencing, the sentencing court will have the benefit of hindsight to state more clearly his or her findings and reasons for imposing the sentence. To pretend that there is some intellectual superiority in stating the findings and reasons to support a sentence in an entirely new sentencing hearing versus a supplemental proceeding elevates form over substance.
[4] As a practical matter, the trial court generally imposes the same sentence on remand that it imposed before, particularly when no error was found in the original sentence.